O’Nealr, J.
The plaintiffs have not insisted on regarding the paper under which the defendants claim as a will; and, as it appears.it may be more beneficial to the defendant, the donee, Sarah, to regard it as a deed, it will be so treated in this opinion. For it is beyond all doubt, that if it is a will, the property conveyed by it would be not only liable to debts, but also that only one-fourth part of the nett value of Wheeler’s estate at his death, after payment of his debts, could pass under the said paper regarded as a will to the said Sarah.
It is first contended by the defendants, Meray and Yausse, that the Court has no jurisdiction of the ease : that objection was met, answered and decided by the former opinion of this Court. But it may now be 1=226] well enough to add some other views in relation to *the jurisdiction of the Court over the case, in the aspect in which it is now to be regarded. For it seems now to be conceded that the paper in dispute, regarded as a deed, is not liable to any objection on account of its exceeding, at the time of its execution, the proportion of Wheeler’s estate, which by law he could convey to a woman with whom he might be said to be then living in a state of adultery. This concession now removes the ground of jurisdiction on which the case was then rested.
It is still, however, (even if it was an open question) maintainable on *177 other grounds. The bill was filed by the administratrix of Wheeler, to prevent Meray and Yausse from carrying the negoes beyond the jurisdiction of the Court. This she had the right to do, in order to test the question whether they were assets liable to the payment of her intestate’s debts, and in the meantime to prevent them from being, by the act of the defendants, rendered unavailing. At law she would have no remedy ; for if the deed to Sarah A. Evans (now Meray) was to be regarded, as we think it ought to be, as merely voluntary, she could not as administratrix, at law have objected to it.
But there is no doubt that the property was liable to the debts, and in equity the administratrix might well be allowed to take the necessary steps to preserve the property for, and keep it within the reach of creditors. When to this is added the fact that the creditors might have attempted to make liable the property settled upon her at the- time of her separation from her husband, although it might not in fact be liable to their claims, yet this would be a good ground of coming into equity, to have the property clearly liable to the payment of debts applied in exoneration of the property conveyed to her.
The question of jurisdiction being thus cleared from all difficulties, it remains to be considered and shown (as I have already intimated) that the property conveyed to Sarah A. Evans, is liable for the debts of the donor, William Wheeler, after exhausting the assets, real and personal, of which he died possessed. The conveyance to a trustee for the separate use of Mrs. Wheeler, now Mrs. Hargrove, was not only found on a good, but also a valuable consideration. For the trustee covenanted to save the husband harmless against his wife’s debts. This, in equity, is regarded as such a valuable consideration, as will protect the property thus conveyed from the husband’s debts Atherley, in his Treatise on Marriage Settlements, p. 319, speaking of settle- r*o9Y ments by way of separate maintenance, says, “ with respect to the ■- validity of such settlements, as against the husband’s creditors, I may observe, that where the husband is indemnified against his wife’s debts, that there there is no doubt of its validity.” In this position he is certainly sustained and borne out by Stephens v. Olive, 2 B. C. C. 92, in which the Master of the Rolls (Sir Lloyd Kenyon) held that the covenants by the trustees, in the second settlement, to indemnify the husband against the debts which the wife might contract after separation, was a valuable consideration, and therefore that this settlement, although made after the debt due to the plaintiff was contracted, was also good against him.” .To the same effect is'the decision of Mr. Justice Buller, (sitting for the Lord Chancellor,) in the case of Compton v. Collinson, 2 B. C. C. 386
The case of St. John v. St. John, 11 Ves. Jr., 536, does not militate against this position. The property settled on the wife, as her separate maintenance, being thus entitled to be protected against the debts of the husband, it cannot be made liable by the fact that she delivered her husband’s deed to Sarah A. Evans, to the mother of the said Sarah, and her statement that she had selected the negroes for her. This was the act and statement of a feme covert, and not binding on her after her discoverture.
It was no doubt done with a good intention, and with the hope that *178 thus the unfortunate and guilty connection might terminate. But in this expectation she was deceived by the act of the said Sarah, as well as her husband: she cannot therefore now be blamed for insisting on her legal rights. The deed to Sarah A. Evans was preceded and succeeded by cohabitation with Wheeler ; it cannot be considered as resting on a valuable consideration. It might have been difficult to sustain it at all, were it objected t® as altogether invalid. In the case of Hill v. Spencer, Amb. 641, Lord Camden, however, allowed a bond to a common prostitute, for an annuity of £50 per year, executed by a man who had kept her two years, to stand. He said, “in this case the bond was not given for a consideration, but was voluntary.” This is, I think, the true view in which this conveyance must be regarded. As a voluntary conveyance, it is void against existing creditors, and being set aside for them, subsequent creditors would be entitled also to come in and be paid. There is, however, another view which makes it void against subsequent creditors, *9981 if there should *be no creditors now unpaid who were such at the ¿ execution of the deed. The donor retained possession during his life. This rendered the conveyance fraudulent against subsequent creditors.
This view of the case defeats the marital rights of Meray to the property, for until the debts are paid off, his wife has no legal estate in it: her right is a mere equity to have the balance which may be left, after payment of debts, delivered and paid to her. It is the duty of the Court, where the decree of the Court would be necessary, as it is in this case, to put the husband legally in possession of the wife’s fortune to decree a settlement.
It is ordered and decreed that the defendants do deliver the property conveyed to Sarah A. Evans, (now Meray,) by Wm. Wheeler, with the issue and increase thereof, if any, to the Commissioner of this Court, and that he do sell the same, on a credit of twelve months; that out of the proceeds he do pay such debts of William Wheeler as may remain unpaid, after exhausting the other assets of the deceased, and the costs of this suit, and that he do report the terms and trust of a settlement to be made of the balance of the said proceeds on the said Sarah A. Evans. It is also ordered and decreed that the Commissioner do advertise for the creditors of William Wheeler, to render in to him their demands within twelve months, and that he take an account of the assets of the intestate in the hands of the plaintiff.
Johnson, J., and Harper, J., concurred.